UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AZAD RAHMANI,

                              Petitioner,

        v.

TODD LYONS, *et al*.,

                              Respondents.

Case No. C26-1717-MLP

ORDER DENYING APPOINTMENT OF COUNSEL AND AMENDING SCHEDULING ORDER

This is a federal habeas action proceeding under 28 U.S.C. § 2241. Petitioner filed his federal habeas petition, *pro se*, on May 18, 2026, together with a request for appointment of counsel. (*See* dkt. ## 1-1, 1-2.) On May 20, 2026, the Court issued an Order directing Respondents to show cause not later than June 3, 2026, why the petition should not be granted. (Dkt. # 6.) The Court also established a deadline of June 8, 2026, for Petitioner to file a reply to Respondents' return. (*See id.*)

On May 22, 2026, the Court issued a Minute Order asking that the Office of the Federal Public Defender ("FPD") review Petitioner's materials and advise the Court within seven days whether it would seek appointment in this matter. (Dkt. # 8.) FPD thereafter advised the Court that it required additional time to make that determination, and the Court granted them an additional week. (Dkt. # 9.) At the same time, the Court extended Respondents' deadline for

ORDER DENYING APPOINTMENT
OF COUNSEL AND AMENDING
SCHEDULING ORDER - 1

filing a return to June 10, 2026, and Petitioner's deadline for filing a traverse in response to the return to June 15, 2026. (*Id.*) FPD has now advised the Court that it is unable to accept appointment in Petitioner's case. The Court must therefore address Petitioner's motion for appointment of counsel in light of this new information.

As the Court previously noted, there is no constitutional right to have counsel appointed in cases brought under § 2241. *See Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993). However, the Court may exercise its discretion to appoint counsel for a financially eligible individual where the "interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). There is insufficient information in the record at this time for the Court to make an assessment of whether Petitioner is likely to succeed on the merits of his petition. It does appear, however, that Petitioner has adequately articulated his federal habeas claim in his petition. In sum, nothing in the record before this Court demonstrates that the interests of justice require appointment of counsel in this matter.

As Petitioner will now be required to proceed with this case without the assistance of counsel, the Court deems it appropriate to further amend the Scheduling Order, as set forth below, to accommodate the fact that Petitioner will be filing and receiving materials by mail.

Based on the foregoing, the Court hereby ORDERS as follows:

(1)   Petitioner's request for appointment of counsel (dkt. # 5) is DENIED.

(2)   Respondents' return remains due on ***June 10, 2026***. (*See* Dkt. # 9.) However, Petitioner's deadline for filing any traverse is EXTENDED to ***June 29, 2026***. Respondents shall

ORDER DENYING APPOINTMENT
OF COUNSEL AND AMENDING
SCHEDULING ORDER - 2

note their return for *June 29, 2026*.

(3)     Respondents shall provide Petitioner notice **one week (168 hours)** before any action to move or transfer him from the Western District of Washington or to remove him from the United States. Any such notice shall be filed on the docket.

(4)     The Clerk shall send copies of this Order to Petitioner and to counsel for Respondents.

DATED this 3rd day of June, 2026.

_____
MICHELLE L. PETERSON
United States Magistrate Judge

ORDER DENYING APPOINTMENT
OF COUNSEL AND AMENDING
SCHEDULING ORDER - 3